[Civ. No. 14073. First Dist., Div. Two. Apr. 24, 1950.]

EDNA M. SCANLON, as Administratrix, etc., Respondent, v. J. J. MOORE & COMPANY (a Corporation) et al., Appellants.

Hoge, Pelton & Gunther, Leo V. Killion and Reginald M. Watt for Appellants.

Elmer P. Delany and Albert Michelson for Respondent.

NOURSE, P. J.— Plaintiff sued under the Jones Act [46 U.S.C.A. § 688] to recover damages for the death of a merchant seaman. The cause was tried to a jury which returned a verdict for plaintiff against both defendants.

They prosecute this appeal on the ground that the vessel on which decedent was employed was owned and operated by the United States through its War Shipping Board, under a written contract designating these defendants as agents only. Appropriate instructions concerning this issue were proposed by defendants and refused by the trial court. At the time of the trial the responsibilities of those operating under such a contract were in some doubt because of *Hust* v. *Moore-McCormack Lines,* 328 U.S. 707 [66 S.Ct. 1218, 90 L.Ed. 1534], and *Caldarola* v. *Eckert,* 332 U.S. 155 [67 S.Ct. 1569, 91 L.Ed. 1968].

Following the judgment in our case, which was entered June 15, 1948, the United States Supreme Court, on June 27, 1949, entered judgment in *Cosmopolitan Shipping Co., Inc.* v. *McAllister*, 337 U.S. 783 [69 S.Ct. 1317, 93 L.Ed. 1278], definitely holding that seamen employed under such an agency contract "became employees of the United States and not of the general agent" and that an agent under such a contract was "not liable to a seaman for injury caused by the negligence of the master or crew of such a vessel."

This is precisely the case presented here.

Judgment reversed with directions to enter judgment for defendants.

Goodell, J., and Dooling, J., concurred.